**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

GARY MAHAN, individually and                                          **PLAINTIFF**
on behalf of all others similarly situated,


v.                                              Case No. 4:14-cv-321-JM


REGIONS FINANCIAL CORP., REGIONS BANK, and            **DEFENDANTS**
REGIONS INSURANCE, INC.


## FINAL APPROVAL ORDER AND JUDGMENT

On June 18, 2015, this Court granted preliminary approval to the proposed class action

settlement set forth in the Settlement Agreement (the "Settlement" or the "Agreement") between

Plaintiff[1], on behalf of himself and the Settlement Class, and Regions Financial Corp., Regions

Bank, and Regions Insurance, Inc. ("Regions" or "Defendants").  The Court also provisionally

certified the Settlement Class for settlement purposes, set forth the procedure for giving Class

Notice to the members of the Settlement Class, and set a Final Approval Hearing to take place on

October 1, 2015.

Subsequently, on October 1, 2015, the Court held a duly noticed Final Approval Hearing

to consider:  (1) whether the terms and conditions of the Agreement are fair, reasonable and

adequate; and (2) whether a judgment should be entered dismissing this Action on the merits and

with prejudice in favor of the Defendants and against all persons or entities who are Settlement

Class members herein who have not opted out of the Settlement Class.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

---

[1]      Unless otherwise defined, capitalized terms in this Order have the definitions set forth in the Agreement.

1.      Adequate Class Notice was given to the Settlement Class in compliance with the Agreement and the Preliminary Approval Order.

2.      The Court has personal jurisdiction over the Parties and the Settlement Class members, venue is proper, the Court has subject matter jurisdiction to approve the Agreement, including all Exhibits thereto, and the Court has jurisdiction to enter this Final Approval Order and Judgment.  Without in any way affecting the finality of this Final Approval Order and Judgment, this Court hereby retains jurisdiction as to all matters relating to administration, consummation, enforcement, and interpretation of the Agreement and of this Final Approval Order and Judgment, and for any other necessary purpose, including, but not limited to, enforcement of the Releases contained in the Agreement and entry of such further orders as may be necessary or appropriate in administering and implementing the terms and provisions of the Settlement.

3.      The Settlement was negotiated at arm's length by experienced counsel who were fully informed of the facts and circumstances of this Action and of the strengths and weaknesses of their respective positions.  The Settlement was reached after the Parties had engaged in mediation and extensive negotiations.  Counsel for the Parties were therefore well-positioned to evaluate the benefits of the Settlement, taking into account the expense, risk and uncertainty of protracted litigation with respect to numerous difficult questions of fact and law.

4.      The Court finds that the prerequisites for a class action under Fed. R. Civ. P. 23(a) and Fed. R. Civ. P. 23(b) have been satisfied for settlement purposes for each Settlement Class member in that:  (a) the number of Settlement Class members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the Plaintiff are typical of the claims of the Settlement Class

he seeks to represent; (d) Plaintiff has and will continue to fairly and adequately represent the interests of the Settlement Class for purposes of the Settlement; (e) the questions of law and fact common to the Settlement Class members predominate over any questions affecting any individual Settlement Class member; (f) the Settlement Class is ascertainable; and (g) a class action is superior to the other available methods for the fair and efficient adjudication of the controversy.

5.      Pursuant to Fed. R. Civ. P. 23, this Court hereby finally certifies the Settlement Class, which shall consist of all borrowers in the United States who, between August 1, 2009 and May 8, 2015 (the "Class Period"), were charged by Regions and/or its respective subsidiaries and affiliates and/or persons acting for or on its behalf, for a lender-placed flood insurance policy issued by any of the Released Parties.  The following are excluded from the Settlement Class: (a) individuals who are or were during the Class Period officers or directors of the Defendants or any of their respective subsidiaries or affiliates; (b) any justice, judge or magistrate judge of the United States or any State, and their spouses; and (c) borrowers whose LPFI Policy was cancelled in its entirety such that any premiums charged and/or collected were fully refunded or credited in the ordinary course of business to the borrower or the borrower's escrow account.

6.      The Court finally designates the law firms of Kessler Topaz Meltzer & Check, LLP and Nix, Patterson & Roach LLP as Class Counsel for the Settlement Class.

7.      The Court finally designates plaintiff Gary Mahan as the Settlement Class representative.

8.      The Court finds that the Publication Notice, the Mailed Notice, the Settlement Website and the creation of the interactive voice recording ("IVR") toll-free telephone number system, all as provided for in the Agreement and the Preliminary Approval Order, as well as the

Supplemental Notice:   (a) constituted the best practicable notice under the circumstances to persons in the Settlement Class; (b) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class members of the Settlement, their right to object or to exclude themselves from the Settlement, and their right to appear at the Final Approval Hearing; (c) were reasonable and constituted due, adequate and sufficient notice to all persons entitled to be provided with notice; and (d) complied fully with the requirements of Fed. R. Civ. P. 23, the United States Constitution, the Rules of this Court, and any other applicable law.

9.      The Settlement is finally approved as fair, reasonable and adequate pursuant to Fed. R. Civ. P. 23(e).  The terms and provisions of the Agreement, including all Exhibits thereto, have been entered into in good faith and are hereby fully and finally approved as fair, reasonable, and adequate, and in the best interests of the Settlement Class.

10.     The Parties are hereby directed to implement and consummate the Settlement according to its terms and provisions, as modified by the Orders of this Court.

11.     The terms of the Agreement, including all Exhibits thereto, and of this Final Approval Order and Judgment, shall be forever binding on, and shall have *res judicata* and preclusive effect in all pending and future lawsuits maintained by the Plaintiff and each Settlement Class member, as well as their respective heirs, beneficiaries, administrators, successors, and assigns.

12.     The Releases, which are set forth in Section 9 of the Agreement and which are also set forth below, are expressly incorporated herein in all respects and are effective as of the date of this Final Approval Order and Judgment.  The Released Parties (as that term is defined below and in the Agreement) are forever released, relinquished, and discharged by the Releasing

Parties (as that term is defined below and in the Agreement) from all Released Claims (as that term is defined below and in the Agreement).

        (a)    <u>Release and Waiver Definitions</u>.

        (i)    "Affiliate" of an entity means any person or entity which controls, is controlled by, or is under common control with such entity.

        (ii)    "Assurant" means Assurant, Inc., American Security Insurance Company, Standard Guaranty Insurance Company, and Voyager Indemnity Insurance Company.

        (iii)    "Class Period" means the period between August 1, 2009 and May 8, 2015.

        (iv)    "Defendants" mean all defendants named in the Action.

        (v)    "Effective Date" means thirty (30) days following the last of the following dates: (a) the entry of the Final Approval Order; and (b) the final disposition of any related appeals, and in the case of no appeal or review being filed, expiration of the applicable appellate period.

        (vi)    "Lender-Placed Flood Insurance" and "LPFI" mean flood insurance placed pursuant to a mortgage loan agreement, home equity loan agreement or home equity line of credit serviced by Regions and/or its respective subsidiaries and affiliates to maintain flood insurance coverage on the residential property securing the loan when the borrower has failed to do so.

        (vii)    "LPFI Policy" means a Lender-Placed Flood Insurance policy;

        (viii)    "Regions" means Regions Financial Corp., Regions Bank and Regions Insurance Inc.

(ix)    "Release" or "Releases" means all of the releases contained in Section 9 of the Agreement.

(x)    "Released Claims" means all claims to be released as specified in Section 9 of the Agreement.

(xi)    "Released Parties" means Defendants and each of their present and former parents, subsidiaries, divisions, Affiliates, predecessors, successors and assigns, and the present and former directors, officers, employees, agents, insurers, shareholders, attorneys, advisors, consultants, representatives, partners, joint venturers, independent contractors, wholesalers, resellers, distributors, retailers, predecessors, successors and assigns of each of them; and Assurant and each of its present and former parents, subsidiaries, divisions, Affiliates, predecessors, successors and assigns, and the present and former directors, officers, employees, agents, insurers, shareholders, attorneys, advisors, consultants, representatives, partners, joint venturers, independent contractors, wholesalers, resellers, distributors, retailers, predecessors, successors and assigns of each of them., and all of those persons and entities otherwise released by Section 9 of the Agreement.

(xii)    "Releasing Parties" means the Plaintiff and all Settlement Class members, and each of their respective heirs, beneficiaries, administrators, successors, and assigns.

(b)    <u>Released Claims of Plaintiffs and Settlement Class Members</u>.  As of the Effective Date, Plaintiff and each Settlement Class member shall, by operation of the Final Approval Order, be deemed to have fully, conclusively, irrevocably, forever and finally released, relinquished and discharged the Released Parties from any and all claims, counterclaims, actions, causes of action,  suits, debts, sums of money, payments, demands, obligations, promises,

damages, penalties, attorneys' fees and costs, liens, judgments, and liabilities of any kind whatsoever that arose during the Class Period, whether in arbitration, administrative, or judicial proceedings, whether as individual claims or as claims asserted on a class basis, whether past or present, mature or not yet mature, known or unknown, suspected or unsuspected, whether based on federal, state, or local law, statute, ordinance, regulations, contract, common law, or any other source, that relate, concern, arise from, or pertain in any way to the claims and allegations set forth, or which are based upon the claims or allegations that could have been set forth, in the Action involving any Released Party's conduct, policies, or practices concerning LPFI during the Class Period ("Released Claims").   The Releasing Parties further agree that they shall be enjoined by the Court as part of its Final Approval Order from instituting, maintaining, prosecuting, or continuing to prosecute any action or cause of action in law, in equity, or administratively, suits, debts, liens, or claims, known or unknown, fixed or contingent, which they have or claim to have in state or federal court, or with any state, federal or local government agency or with any administrative or advisory body, or in arbitration, in any way relating to the Released Claims.  Nothing in this Agreement shall affect in any way a claim for coverage under any insurance policy, including any LPFI policy.

(i)     The Release above shall not cover claims arising after the Effective Date, or claims for benefits made under any LPFI Policy placed or charged by any of the Released Parties.  Nothing herein shall be deemed a release of Plaintiff's or Settlement Class member's respective rights and obligations under this Order.

(ii)     Except to the extent that any such obligation is released as a Released Claim above, this Final Approval Order and Judgment shall not release Defendants from any existing obligation to the Plaintiff or to any Settlement Class member under any loan,

note, mortgage or deed of trust.  This provision is not meant to and does not limit the Release in Paragraph 13(b) above.

(c)     Without in any way limiting their scope, these Releases cover by example and without limitation, any and all claims for attorneys' fees, costs, expert fees or consultant fees, interest, or litigation fees, or any other fees, costs and/or disbursements incurred by Class Counsel, the Plaintiff or any Settlement Class members in connection with or related in any manner to the Action, this Settlement or the administration of this Settlement and/or the Released Claims, except to the extent otherwise specified in this Order.

(d)     In connection with the foregoing Releases, the Plaintiff and each Settlement Class member shall be deemed, as of the entry of the Final Approval Order, to have waived any and all provisions, rights, benefits conferred by Section 1542 of the California Civil Code, and any statute, rule and legal doctrine similar, comparable, or equivalent to California Civil Code Section 1542, which provides that:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Notwithstanding that the Parties have chosen Arkansas law to govern this Agreement, the Plaintiff has agreed and each Settlement Class Member is deemed to have agreed that the provisions of all such principles of law or similar federal or state laws, rights, rules or legal principles, to the extent they are found to be applicable herein, are hereby knowingly and voluntarily waived, relinquished and released.

(e)     The Plaintiff and each Settlement Class member shall be deemed to agree and acknowledge that the foregoing Releases were bargained for and are a material element of the Agreement.

(f)     The Releases do not affect the rights of persons in the Settlement Class who timely and properly submitted an Opt-Out Request.  These persons are Paul E. Burgan, Charles J. Mooney, Mario Mollinedo, Michael and Beverly Harris.  *See* ECF No. 60.

(g)     The Agreement shall be the exclusive remedy for any and all Settlement Class members.

(h)     The Releases shall not preclude any action to enforce the terms of the Agreement, including participation in any of the processes detailed therein.

13.     No Released Party shall be subject to liability or expense for any of the Released Claims to any Settlement Class member.

14.     All Settlement Class members are, from this day forward, hereby permanently barred and enjoined from filing, commencing, prosecuting, intervening in or participating in (as class members or otherwise) any action in any jurisdiction based on or relating to any of the Released Claims or any facts and circumstances relating thereto.  All Settlement Class members are permanently barred and precluded from organizing Settlement Class members, or soliciting the participation of Settlement Class members, for purposes of pursuing any action (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action in any jurisdiction) based on or relating to any of the Released Claims or any facts and circumstances relating thereto.

15.     Promptly after the Effective Date, Settlement Class members shall dismiss with prejudice all claims, actions, or proceedings that have been brought by any Settlement Class member in any other jurisdiction and that have been released pursuant to the Settlement and this Final Approval Order and Judgment.

16.     Neither the Agreement, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein, nor this Final Approval Order and Judgment, nor any of its terms and provisions shall be:

(a)     offered by any person or received against any of the Released Parties as evidence or construed as or deemed to be evidence of any presumption, concession, or admission by the Defendants of the truth of the facts alleged by any person or the validity of any claim that has been or could have been asserted in the Action or in any litigation, or other judicial or administrative proceeding, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault or wrongdoing of Defendants;

(b)     offered by any person or received against any of the Released Parties as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by any of the Released Parties or any other wrongdoing by any of the Released Parties;

(c)     offered by any person or received against any of the Released Parties as evidence of a presumption, concession, or admission with respect to any liability, negligence, fault, or wrongdoing in any civil, criminal, or administrative action or proceeding;

(d)     offered or received in evidence in any action or proceeding against any party hereto in any court, administrative agency, or other tribunal for any purpose whatsoever, other than to enforce or otherwise effectuate the Agreement (or any agreement or order relating thereto), including the Releases, or the Final Approval Order and Judgment.

17.    This Final Approval Order and Judgment and the Agreement (including the Exhibits thereto) may be filed in any action against or by any Released Party in order to support any defense or counterclaim, including, without limitation, those based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion, issue preclusion, or similar defense or counterclaim.

18.    Without further order of the Court, the Parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Agreement, as modified by the Preliminary Approval Order.

19.    In the event that the Effective Date does not occur, this Final Approval Order and Judgment shall automatically be rendered null and void and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void.

20.    This Action, including all individual claims and class claims presented herein, is hereby dismissed on the merits and with prejudice against the Plaintiff and all other Settlement Class members, without fees or costs to any party except as otherwise provided herein.

IT IS SO ORDERED this 1st day of October, 2015.

HON. JAMES M. MOODY, JR.
UNITED STATES DISTRICT JUDGE